(No. 75-CC-0044— )

EUGENE GROSKO, Claimant, *v.* STATE OF ILLINOIS,
Respondent.

*Opinion filed September 8, 1978.*

MICHAEL J. HENNESSY, of HENNESSY, FARACI &
TASSONE, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM
KARAGANIS, Assistant Attorney General, for Respon-
dent.

HOLDERMAN, J.

Claimant filed an action in tort against Respon-
dent seeking to recover $50,000.00 in damages for an
injury sustained in a motorcycle accident on October
20, 1973, allegedly caused by a hole in Harlem Avenue
near the intersection of 71st Street in Bridgeview.

Claimant alleges he was southbound on Harlem
Avenue at approximately 12:30 a.m. when he struck a
defect in the road causing him to lose control of the
motorcycle and run into a car.

Claimant has also filed suit in the Circuit Court of
Cook County, Illinois alleging substantially the same
cause of action against the Village of Bridgeview. This
suit also contained another count against C. W. Trans-
port Co. which, among other things, charged that the
negligence of C. W. Transport Co. was responsible for
causing the alleged defect in Harlem Avenue.

The testimony of Claimant is, to say the least,
inconsistent. In one instance he alleged that he trav-
elled the road prior to the accident at least five times

per week. In another instance, he stated he had travelled it at least two times per week for a period of one year. In any event, according to Claimant's testimony, he was or should have been familiar with the area in question. He further testified that the highway where the accident took place was, in his own language, "all chewed up." He alleges there was a large-size hole at least 16 inches deep and approximately one or two feet wide.

On the night in question, Claimant stated he was travelling between 30 and 40 m.p.h. when he struck the defect, lost control of his motorcycle and travelled approximately 200 feet before he "fishtailed" in the back of a car that was stopping at the intersection ahead of him.

Claimant suffered a fracture to his left leg. An x-ray revealed a fracture of the mid shaft of the tibia. The wound was cleansed, a closed reduction was performed and a long leg cast was applied. He was discharged from the hospital on October 23, 1973, and on December 4, 1973, the cast was removed.

In the complaint filed against the C. W. Transport Co. and the Village of Bridgeview, Claimant alleges that the defect was caused by the C. W. Transport Co. which caused sand, gravel and other debris to be put on the road. This suit was dismissed by the Circuit Court of Cook County.

The evidence is inconclusive as to whether or not there was a hole in Harlem Avenue as alleged by Claimant. Two photographs taken within one month of the accident show no hole but do show some repairs had been made.

Joseph J. Kostur, Jr., District Safety and Claims

Manager for District One of the State of Illinois Department of Transportation, testified for the Respondent. From looking at the photographs, Mr. Kostur testified a patch had been placed over the hole but that from the deteriorated condition of the white line along the curb side, the patch had to have been in existence "a considerable period of time," or "three to six months." He further testified that his office had not received any complaints about the roadway, which would have happened if there had been a hole the size Claimant alleges.

In Mr. Kostur's testimony, he stated the area was bumpy and that if there was a hole in the road, it would have to have been extremely small in size and not over one inch deep. He further testified it would take from 50 to 60 feet to stop a motorcycle travelling 30 to 40 m.p.h., a distance which is considerably shorter than the 200 feet Claimant went after striking the alleged hole in the pavement.

If there was such a hole, as contended by Claimant, then with his familiarity of the area he should have been well aware of the condition of the road. If he was aware of it, driving at the speed of 30 to 40 miles per hour would place him in a position of having, by his own negligence, contributed to the accident.

This Court has repeatedly held that where Claimant has failed to prove he was free from contributory negligence, he cannot recover in *29 Ill. Ct. Cl. 440 and 29 Ill. Ct. Cl. 133.*

In *29 Ill. Ct. Cl. 136,* the Court made the following statement:

"The State is not an insurer against all accidents, which may occur by reason of the conditions of its highways. However, the State is negligent, if, having knowledge of dangerous conditions on its highways, it fails to warn users of the highways of such dangerous conditions."

In the present case, there is no evidence of any kind or character indicating the hole in the pavement existed or that the State had, or should have had, knowledge of the same by reasonable supervision. On the contrary, the Safety Manager testified they had not been in receipt of any complaints that a dangerous condition existed, and they had absolutely no knowledge of a dangerous condition existing.

This Court has held that where Claimant has knowledge of a dangerous condition, then he cannot recover in *29 Ill.Ct.Cl. 251*.

Respondent is not an insurer of either the condition of all roadways within its jurisdiction and control, or the safety and well-being of all persons travelling thereon. Rather, the Respondent is chargeable only with maintaining its roads in a reasonably safe condition for the purpose for which they are intended. *Schuck v. State of Illinois, 25 Ill.Ct.Cl. 209; Weygandt v. State, 22 Ill.Ct.Cl. 498.*

In order for Claimant to recover, he must prove by a preponderance of the evidence that Respondent breached its duty, that the breach proximately caused the injuries complained of, and that he was free from contributory negligence in *30 Ill.Ct.Cl. 417*. See also *30 Ill.Ct.Cl. 639*.

Claimant having not proven the necessary elements to recover, claim is hereby denied.